UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| VICTOR LARA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:17-cv-256 |
| | § | |
| ARCH SPECIALTY INSURANCE | § | |
| COMPANY AND MELANIE LABRIE, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Arch Specialty Insurance Company ("Arch") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follow:

## I.
## INTRODUCTION

1. Plaintiff Victor Lara ("Plaintiff") commenced this lawsuit on May 24, 2017, by filing Plaintiff's Original Petition in the 398th Judicial District Court of Hidalgo County, Texas.

2. Plaintiff's Original Petition names Arch Specialty Insurance Company and Melanie Labrie ("Labrie") as Defendants.

3. Arch was served with Plaintiff's Original Petition on June 7, 2017 by certified mail. Arch received Plaintiff's Original Petition on June 12, 2017. Labrie was served with Plaintiff's Original Petition on June 15, 2017. Arch therefore files this Notice within the 30-day time-period required by 28 U.S.C. § 1446(b).

4. Labrie need not consent to removal as Arch contends Labrie was improperly joined.[1]

## II.
## BASIS FOR REMOVAL

5. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

6. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.  Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Arch.**

7. Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, a resident of Hidalgo, Texas. Thus, Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

8. Arch was at the time this lawsuit was filed, and at the date of this Notice remains, a foreign corporation organized under the laws of the State of Missouri, with its principal place of business in New Jersey. Thus, Arch is a citizen of Missouri and New Jersey.

9. Labrie is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Labrie's citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Arch (now and on the date Plaintiff filed this lawsuit).

10. Improper joinder exists when there is (1) actual fraud in the pleading of

---

[1] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[2] This second condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant.[3] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[4] When a defendant is improperly joined, that defendant's citizenship must be disregarded for purposes of diversity jurisdiction.[5]

11.     In conducting an improper joinder analysis, a district court conducts a "Rule 12(b)(6)-type analysis."[6] As explained by the Fifth Circuit, this requires a district court to apply the <u>federal</u> pleading standard to the allegations in the plaintiff's petition at the time of removal.[7] This means that a plaintiff's factual allegations must "raise a right to relief above the speculative level." [8]

12.     In this lawsuit, Plaintiff has asserted claims against Labrie, an in-state insurance adjuster. Plaintiff's causes of action against Labrie include a laundry list of violations under the Texas Insurance Code and alleges conduct that was negligent, reckless, willful and intentional. But under the standard set forth above, there is no reasonable basis for predicting that Plaintiff

---

[2]  *See Smallwood v. Ill. Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[3]  *See id.*

[4]  *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[5]  *Sam v. Wells Fargo Bank, N.A.,* 2016 WL 3002359, at *4 (S.D. Tex. May 20, 2016), *report and recommendation adopted*, 2016 WL 3566239.

[6]  *Id.*

[7]  *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016); *Richard v. Geovera Specialty Ins. Co.,* 2016 WL 6525438, at *3 (S.D. Tex. Nov. 3, 2016) ("The Fifth Circuit recently held that federal courts' determinations regarding improper joinder should be made on the basis of federal pleading standards, rather than state standards.").

[8]  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

might establish liability against Labrie.

13. Plaintiff's claims against Labrie merely regurgitate statutory language and repeatedly use unsubstantiated, conclusory statements concerning the investigation and adjustment of the claim.[9] This is not sufficient to comply with the Federal pleading standard.[10] Similarly, Plaintiff's "factual allegations" against Labrie lack the specificity necessary to state a claim.[11] Instead of pleading facts with any specificity, Plaintiff makes broad accusations such as "Labrie conducted an outcome-oriented investigation," "improperly adjusted Plaintiff's claim," and "failure to effectuate a prompt, fair, and equitable resolution of the claim."[12] These legal conclusions, couched as facts, demonstrate that Labrie was joined as a defendant solely to defeat diversity jurisdiction.

14. Moreover, Plaintiff's Original Petition regularly combines the actions of Arch and Labrie together, thereby failing to delineate which actor purportedly committed the alleged wrongdoing. For instance, Plaintiff consistently "re-alleges" and incorporates by reference the conduct of both Defendants,[13] frequently uses the term "Defendants,"[14] and designates Labrie's

---

[9] *See, e.g.,* Plaintiff's Original Petition at pp. 8-10.

[10] *See Ada Carmona Elizondo v. Great Lakes Insurance SE; fka Great Lakes Reinsurance,* 2017 WL 1318454, at *2 (S.D. Tex. Apr. 10, 2017) (holding that Plaintiff's claims did not comply with federal pleading standards because claims "largely track[ed] the statutory language of each respective provision asserted.").

[11] *See Young v. Travelers Pers. Sec. Ins. Co.,* 2016 WL 4208566, at *4 (S.D. Tex. Aug. 10, 2016).

[12] *See* Plaintiff's Original Petition at pp. 3, 9.

[13] *Id.* at pp. 8-9, 11.

[14] *Id.* at pp. 3-4 and pp. 11-12.

alleged conduct as the responsibility Arch.[15] This does not satisfy the Federal pleading standard to demonstrate an independent action against Labrie.[16]

15. Since Labrie was improperly joined as a defendant in this lawsuit, her citizenship should be disregarded for purposes of diversity jurisdiction. Removal is therefore proper because complete diversity of citizenship exists between Plaintiff and Arch.

**B. Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

16. If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Arch's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[17]

17. Here, Plaintiff's Original Petition states that Plaintiff seeks to recover monetary relief between over $200,000 but not more than $1,000,000 in this lawsuit.[18] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

### III.
### CONCLUSION

18. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Hidalgo County, Texas promptly after the filing of this Notice.

19. As required by 28 U.S.C. § 1446(a), and Local Rule 81, a copy of each of the following are attached to (or filed with) this Notice:

---

[15] *Id*. at pp. 9-10.

[16] *See Young,* 2016 WL 4208566, at *4.

[17] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[18] *See* Plaintiff's Original Petition at p. 14, ¶ XIII.

    a.    all executed process in the case, attached hereto as *Exhibit A*;

    b.    Plaintiff's Original Petition, attached hereto as *Exhibit B*;

    c.    Arch Specialty Insurance Company's Original Answer and Affirmative Defenses to Plaintiff's Original Petition, attached hereto as *Exhibit C*;

    d.    the docket sheet, attached hereto as *Exhibit D*;

    e.    an index of matters being filed, attached hereto as *Exhibit E*;

    f.    a list of all counsel of record, including addresses, telephone numbers and parties represented, attached hereto as *Exhibit F*.

20.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Arch Specialty Insurance Company requests that this action be removed from the 398th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Kristin C. Cummings*
Kristin C. Cummings
Texas Bar No. 24049828
kcummings@zelle.com
Victoria L. Vish
Texas Bar No. 24089850
vvish@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing has been served this 7th day of July, 2017, in accordance with the Federal Rules of Civil Procedure, by electronic filing as follows:

Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com
Jake Rogiers
State Bar No. 24069066
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     210-490-4702
Facsimile:       210-490-8372

**ATTORNEYS FOR PLAINTIFF**

                                               */s/ Kristin C. Cummings*
                                               Kristin C. Cummings